UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-21-DLB-CJS

JACOB ROYCE FAIRCHILD                                                                                      PLAINTIFF

v.                                         REPORT AND RECOMMENDATION

CHRIS HANKINS, Jailer                                                                                      DEFENDANT

\* \* \*    \* \* \*    \* \* \*    \* \* \*

This matter is before the Court on Defendant's Motion for Sanctions (R. 28), which has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* R. 15).  Plaintiff did not file a Response to Defendant's Motion, and the time to do so under the Joint Local Rules has expired. For the reasons set forth below, the undersigned **recommends** that Defendant's Motion for Sanctions be **granted in part,** and this matter be **dismissed** and **stricken** from the active docket of this Court.

I.     PROCEDURAL BACKGROUND

On February 7, 2018, Plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Chris Hankins and Roy Washington in the Western District of Kentucky.  Plaintiff's claims arise from the conditions of his confinement while an inmate at the Grant County Detention Center.  (*See* R. 1).  Plaintiff's case was subsequently transferred to this Court on February 9, 2018 (R. 5) and, following the transfer, Defendant Roy Washington was dismissed from this action.  (*See* R. 9).  The Court entered a Scheduling Order on March 23, 2018, which established a discovery deadline of September 24, 2018. (R. 18).  The Order also directed

Plaintiff to keep the Court "informed of his current mailing address. Failure to notify the Clerk of any change of address may result in dismissal of this case." (*Id*. at 2).

As explained in the Court's November 9, 2018 Order (R. 26), Defendant served his First Set of Interrogatories, Request for Production of Documents, and Requests for Admission upon Plaintiff on March 28, 2018. (*See* R. 20; R. 23-1). On June 8, 2018, Defendant sent a letter to Plaintiff requesting a response to the prior written discovery. (R. 23-1). Plaintiff responded by letter on June 22, 2018, requesting an additional copy of the discovery requests. (R. 23-2). On June 29, 2018, defense counsel sent by letter an additional copy of the requests and demanded a response within thirty days. (R. 23-3). Plaintiff did not provide responses to Defendant's written discovery. On July 18, 2018 Plaintiff filed a Notice of Change of Address as required by the Court's Scheduling Order (R. 18), informing the Court that he was then being housed at the Woodford County Detention Center in Versailles, Kentucky. (R. 22). On July 20, 2018, defense counsel forwarded a copy of the June 29 letter to Plaintiff at his new address. Plaintiff failed to respond. Defendant then filed a Motion to Compel Discovery and Motion for Extension of Time to Complete Discovery. (R. 23; R. 25). Plaintiff did not file a response to either Motion. The Court granted Defendant's Motions on November 9, 2018. (R. 26). Per the Court's Order, Plaintiff was directed to provide responses to Defendant's First Set of Interrogatories and Request for Production of Documents by not later than November 26, 2018, and the deadline to complete discovery was extended to December 31, 2018. (*Id*.). The Order was sent to Plaintiff's Woodford County Detention Center address, but was subsequently returned because Plaintiff was no longer housed at that address. (R. 27).

2

Plaintiff did not provide the compelled discovery. Defendant on December 10, 2018, filed the Motion for Sanctions presently before the Court. (R. 28). Plaintiff has not filed a response to that Motion.

## II.    ANALYSIS

Defendant Hankins seeks dismissal of this action pursuant to Federal Civil Rule 37(b)(2). (R. 28). Rule 37(b)(2) provides for sanctions, including dismissal, where a party has failed "to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2). Dismissal of an action is an appropriate sanction where a party consciously and intentionally fails to cooperate with the court's discovery orders. *See Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Here, Plaintiff is in violation of the Court's March 23, 2018, Scheduling Order (R. 18) and the November 9, 2018 Order (R. 26) compelling Plaintiff to respond to discovery.

Whether a district court's dismissal of an action pursuant to Rule 37(b)(2) is appropriate is governed by four factors: 1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the failure to cooperate in discovery; 3) whether the party was warned that a failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered. *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *2 (6th Cir. Dec. 14, 2017) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Bryant v. U.S. Postal Service*, 166 F. App'x 207, 210 (6th Cir. 2006) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, the fact that Plaintiff Fairchild has filed this action *pro se* does not alter the Court's analysis. While *pro se* litigants are held to a less stringent standard than licensed attorneys when dealing with sophisticated legal issues, that standard does not extend "to pretrial orders or rules

3

that do not require some degree of legal training" or "readily comprehended court deadlines." *See Davis v. Bilbrey*, No. 3:10-cv-01147, 2012 WL 2947587, at *2 (M.D. Tenn. July 19, 2012) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (internal quotations omitted).

Application of the four-factor analysis to determine whether dismissal is an appropriate sanction for Plaintiff Fairchild's failure to respond to discovery and comply with the Court's discovery orders compels a finding that dismissal is warranted. As to the first factor, Plaintiff's conduct was willful and in bad faith. On March 23, 2018, the Court's Scheduling Order directed the parties to complete discovery by September 24, 2018, and further required the Plaintiff to keep the Court informed of his current mailing address, otherwise a failure to notify "may result in dismissal of this case." (R. 18, at 2); *also see* LR 5.2(e). Defense counsel promptly sent written discovery requests to Plaintiff on March 28, 2018. (*See* R. 20; R. 23-1). Plaintiff was fully aware of Defendant's discovery, as evidenced by his letter to defense counsel dated June 22, 2018, asking for an additional copy of the discovery requests because he had "lost those papers[.]" (R. 23-2). Despite defense counsel's multiple attempts at communication, Plaintiff has failed to provide a response or any explanation as to why he did not answer this discovery. (R. 23-3; R. 23-4).

Further, the Court's Order of November 9, 2018, extended the discovery deadline to December 31, 2018, and compelled Plaintiff to provide a response to Defendant's written discovery requests by November 26, 2018. (*See* R. 26). Plaintiff's lack of responsiveness was compounded by the return of the Clerk's mailing of the Court's Order to him because Plaintiff was no longer housed at the address he had previously provided to the Clerk. (R. 27; *see* R. 22). Despite specific instruction to "keep the Clerk of Court informed of his current mailing address" or otherwise risk dismissal of his case, Plaintiff failed to do so and instead chose to ignore the Court's Order. (*See* R. 18). His repeated failure to participate in discovery and to inform the Court of his

4

current mailing address was deliberate and is not excused by his *pro se* status as the directives were clear and easy to understand. *See Davis v. Bilbrey,* 2012 WL 2947587, at *2 ("[T]he relaxed pleading standards for *pro se* litigants do not apply to 'readily comprehended court deadlines' and . . . 'dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay.'" (citing *Jourdan*, 951 F.2d at 110)).

Second, Defendant Hankins has been prejudiced by Plaintiff's failure to respond to discovery requests. Specifically, Plaintiff's failure to respond has prevented Defendant from ascertaining the necessary evidence to prepare his defense. Further, Defendant has expended time and resources to defend this action, which Plaintiff has apparently abandoned. *See id*. (second factor found when plaintiff's failure to respond to discovery caused defendants "to incur unnecessary costs in 'time, money, and effort' to defend [the] action.").

The third factor also warrants dismissal. Defendant asserts Plaintiff was "explicitly warned" that a failure to cooperate could lead to dismissal in the Court's November 9, 2018 Order, which advised Plaintiff that "he risks the Court considering sanctions for such conduct under Civil Rule 37(d), including . . . dismissal of the action" if responses to Defendant's discovery requests were not provided. (R. 26, at 2-3). Although the mailing of the Court's Order was returned on November 28, 2018 as undeliverable (R. 27) and therefore Plaintiff did not receive this warning, such result was the product of Plaintiff's own further failure to update his address information per the Court's Order and Local Rule 5.2(e). And Plaintiff was warned by the Court in its prior Order (R. 18) that failure to keep the Court apprised of his location could result in dismissal of his case.

And as to the fourth factor, Plaintiff's actions, or rather the lack thereof, support the conclusion that no lesser sanctions would be effective. As discussed above, Plaintiff has repeatedly failed to provide responses to Defendant's discovery requests and has failed to inform

5

the Court of his current location or otherwise demonstrate that he intends to move forward with this case. Moreover, the Court imposed other means to compel compliance with Defendant's written discovery when the discovery deadline was extended from September 24, 2018, to December 31, 2018. *See id.* (held that "[a]lthough prior sanctions have not been levied against [p]laintiff, less extreme means were pursued to compel compliance" with defendant's written discovery requests when the discovery deadline was extended twice.). (*See* R. 26).

In summary, the Sixth Circuit's four-factor analysis weighs in favor of dismissal of Plaintiff's action pursuant to Rule 37(b)(2) for his failure to participate in discovery and to comply with the Court's Orders. Therefore, Defendant's request that the Court impose a sanction of dismissal is warranted in these circumstances. However, Defendant's further request for an award of monetary sanctions in the form of attorney fees and costs associated with bringing the Motion for Sanctions will not be recommended. As discussed in the Court's November 9, 2018 Order (R. 26), such an award would be unjust under the circumstances given Plaintiff's *pro se* status, the procedural stage of the case, and that the sanction of dismissal is being recommended. *See* Fed. R. Civ. P. 37(b)(2)(C).

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1) Defendant's Motion for Sanctions (R. 28) be **granted in part** to the extent that this matter should be dismissed, and **denied in part** to the extent that Defendant seeks monetary sanctions; and

2) this action be **stricken** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*,

728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

Dated this 15th day of February, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2018\18-21-DLB R&R re Mot for Sanctions.docx

7